No. 29,040.

LEAH WHEELER McCLELLAN, as an Individual and as Guardian, etc., Appellant, v. THE COMMERCIAL CASUALTY INSURANCE COMPANY, Appellee.

(287 Pac. 607.)

Opinion filed May 3, 1930.

Charles M. Tucker, Charles Vance, F. S. Macy, all of Liberal, and John S. Robinson, of Tulsa, Okla., for the appellant.

Eugene W. Davis, of Liberal, and Clayton B. Pierce, of Oklahoma City, Okla., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one against an insurance company to recover on a policy insuring an employer against liability arising under the workmen's compensation act. A demurrer to the amended petition was sustained, and plaintiff appeals.

The employer named in the policy was a copartnership consisting of J. C. McClellan, O. X. McClellan and E. J. Wheeler, doing business as the Eclipse Drilling Company. In fact, E. J. Wise was also a partner. The two McClellans and Wheeler were included in the undertakings of the policy. The address of the Eclipse

Drilling Company was Tulsa, Okla. The classification of operations of the Eclipse Drilling Company covered by the policy was oil-well development, excluding the shooting of wells, and some operations incidental to oil-well development.

O. X. McClellan was killed while engaged in drilling an oil well in Seward county, Kansas. His widow and children were dependents. The widow, for herself and as guardian for the children, commenced an action against the insurance company before liability for compensation had been established, and a demurrer was sustained to the petition. An agreement to arbitrate was signed, and the claim for compensation was submitted to an arbitrator, who heard the claim and made findings on questions submitted to him. Plaintiff then amended her petition and included in it a transcript of the evidence introduced before the arbitrator, and his findings, including some supplemental findings. Unless the findings show liability under the workmen's compensation act the demurrer to the petition was properly sustained.

The arbitrator found the facts by answering fully the questions submitted to him. The findings material here were that the Eclipse Drilling Company was not drilling the well in Seward county, and O. X. McClellan was not working for the Eclipse Drilling Company when the accident resulting in his death occurred.

There was some conflict in the oral testimony before the arbitrator, but besides oral testimony explaining the origin and nature of the Kansas enterprise and showing who were engaged in it, there was documentary evidence which could not be sworn away which demonstrated the correctness of the arbitrator's findings.

The arbitrator was authorized to make all the findings which show nonliability on the policy. The questions submitted to the arbitrator extended to subjects which became immaterial when it was found the Eclipse Drilling Company was not interested in the Kansas project. The arbitrator properly dealt with all the questions, but the fact that he did so does not change the result. The arbitrator's supplemental and explanatory findings were strictly relevant to the specific matters submitted to him and accorded with the written contract under which the well was drilled, and undisputed oral testimony.

Plaintiff's abstract states that arbitration was had pursuant to agreement in writing wherein and whereby the question of liability was submitted to the arbitrator. The arbitrator has discharged his

duty. The findings were filed, pursuant to agreement, with the clerk of the district court. They lie in his office unmodified and unimpeached, and when plaintiffs pleaded the findings of the arbitrator as a basis for recovery they pleaded themselves out of court.

The judgment of the district court is affirmed.